IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSIAH PAUL WHIGAN,            :

    Petitioner,            :

vs.            :   CIVIL ACTION 13-00042-KD-N

FRANK ALBRIGHT,            :

    Respondent.            :


REPORT AND RECOMMENDATION

Petitioner, an Alabama prison inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254 and motion to proceed without prepayment of fees (Docs. 1, 3). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and the standing order of general reference, is before the Court for Petitioner's failure to prosecute and to obey the Court's order.

On February 26, 2013, the Court ordered Petitioner to pay the $5.00 filing fee by March 26, 2013 (Doc. 2). On April 15, 2013, the Court extended the deadline to pay the $5.00 filing fee until May 15, 2013 (Doc. 5). Petitioner was warned that his failure to comply with the order within the prescribed time would result in a recommendation of dismissal of his action. Petitioner has not paid the $5.00 filing fee, nor has he otherwise responded to the Court's order.

Due to Petitioner's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court=s inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 254 Cases (December 1, 2009). A certificate of appealability ("COA") may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). When a habeas petition is being dismissed on procedural grounds, such as in the instant case, without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." Slack v McDaniel. 59 U.S. 473, 484 (2000); see Miller-El v Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Petitioner has failed to comply with the Court's orders and to prosecute this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further, *See* Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed, thus, he is not entitled to a certificate of appealabilty.

CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice,** and that no Certificate of Appealability should issue.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this 31st day of May, 2013.

s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a Statement of Objection to Magistrate Judge's Recommendation within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.